IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY HETZNER | ) | |
| | ) | |
| Plaintiff | ) | No. |
| | ) | |
| vs. | ) | Jury Trial Demanded |
| | ) | |
| CHICAGO OFFICERS JOHN DOES, | ) | |
| CHICAGO POLICE DEPARTMENT | ) | |
| CITY OF CHICAGO, A municipal Corp | ) | |
| Defendant | ) | |

## PLAINTIFF'S COMPLAINT

Now comes the plaintiff, KIMBERLY HETZNER by and through her attorneys, the Law Offices of SHELIST LAW FIRM LLC., and Samuel A. Shelist and complaining of the defendants, Officers John Does, Chicago Police Department and the City of Chicago, a Municipal Corporation, states as follows:

### NATURE OF THE CLAIM

1. This action arises under the United States Constitution and laws of the United States, specifically, the Civil Rights Act of 1871 (42 U.S.C., Section 1983), to redress deprivations of the civil rights of the plaintiff through acts and/or omissions of the defendant committed under color of law. Specifically, here, defendant deprived plaintiff of her rights under the Fourth and Fourteenth Amendments to the United States Constitution.

2. Additionally, plaintiff invokes the court's supplemental jurisdiction to assert state law claims of trespass and conversion.

### JURISDICTION AND VENUE

3. Jurisdiction is based on 42 U.S.C., Section 1334, 1331 and 1367.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C., Section 1391, because all events or omissions giving rise to the claim occurred in this district.

## PARTIES

5. At all times herein mentioned, plaintiff was and is a citizen of the United States and resides within the jurisdiction of this Court.

6. At all times herein mentioned, defendant, Officers John Does was and were employed by the City of Chicago as a sworn police officer or officers and was and were acting under color of state law and as an employee of the City of Chicago, Illinois.

7. The City of Chicago is a municipal corporation, duly organized under the laws of the State of Illinois. The City of Chicago maintained, managed and/or operated the Chicago Police Department.

## STATEMENT OF FACTS

8. On 12/31/15 2015, Hetzner was the owner of a vehicle [Honda 2013 Civic LX ] that was parked legally and with permission at a school parking lot behind a charter school and Plaintiff was engaged in lawful conduct at that time.

9. At all relevant times, Hetzner's vehicle was parked legally at her place of employment and Jane Doe was the lawful and rightful owner of said vehicle.

10. That according to the film and tape of the incursion, Officers John Doe broke into the vehicle, went into the trunk, took the Registration, sat in the vehicle for a considerable time, and drove around the parking lot several times before seizing the Hetzner vehicle.

11. That the vehicle was not a hazard, was not parked in the roadway, was not obstructing traffic flow since it was not in traffic; the later ticket claiming the vehicle was a "hazard … obstructing traffic" was false and purposely false.

12. That originally, the city of Chicago and its police officers refused to return the vehicle because the registration was "missing" when in fact the film and tape seem to indicate the Officers John Does took it; in fact, the registration had been in the auto when Hetzner left the auto.

13. Plaintiff had an expectation of privacy with respect to her vehicle and the search performed by the Officers John Does was performed without a warrant, without legal cause, without plaintiff's consent, thus invading and violating plaintiff's right to security and privacy.

14. By reason of the conduct of Officers John Does, the plaintiff was deprived of rights, privileges and immunities secured to her by the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws enacted thereunder.

15. As a result, Officers John Does was liable to the plaintiff pursuant to 42 U.S.C., Section 1983 for violating plaintiff's constitutional rights.

## COUNT I

### UNCONSTITUTIONAL SEIZURE OF PLAINTIFF'S VEHICLE AND ITS CONTENTS

1-15. Hetzner incorporates and realleges paragraphs 1 through 15 as though set forth fully herein in their entirety.

16. On 12/31/15 Officers John Does, acting under the color of law, proceeded to search plaintiff's vehicle without a warrant, probable cause or reasonable suspicion.

17. On said date in 2015, Officers John Does seized plaintiff's vehicle and did so without a warrant, legal cause and without plaintiff's consent, thereby depriving plaintiff of her property, her security and privacy.

18. Officers John Does attempted to cover up or conceal his wrongdoing by issuing a citation which stated that Jane Doe's vehicle had been parked illegally on the public way.

19. But as is demonstrated by evidence obtained from video cameras, Jane Doe's vehicle was seized at a parking lot located and was not parked in the public way and was not parked illegally and was parked with permission of Hetnzer's Principal of the said charter school.

20. Hetzner suffered expenses as a result of the illegal and unnecessary towing, storage and damage to her vehicle.

21. By reason of the conduct of Officers Joe Does, plaintiff was deprived of rights, privileges and immunities secured to her by the Fourth and Fourteenth Amendments of the United States Constitution and laws enacted thereunder.

22. As a result, Officers John Does is liable to the plaintiff pursuant to 42 U.S.C., Section 1983.

WHEREFORE, the plaintiff, Kimberly Hetnzer, by her attorneys, Samuel A. Shelist, SHELIST LAW FIRM LLC request judgment as follows against the defendant:

a. That defendant be required to pay plaintiff general damages, including damages for emotional distress in an amount to be ascertained in the trial of this matter;

b. That defendant be required to pay plaintiff exemplary and punitive damages in amounts to be ascertained at the trial of this matter;

c. That defendant be required to pay plaintiff damages proximately caused by defendant's illegal seizure of her property;

d. That defendant be required to pay plaintiff's attorneys fees pursuant to 42 U.S.C., Section 1988, the Equal Access to Justice Act;

e. That defendant be required to pay plaintiff the costs incurred; and

f. That plaintiff be granted such other and further relief as this court may deem just and proper.

Respectfully submitted,

Samuel A. Shelist

Atty#43236
Shelist Law Firm, LLC
Samuel A. Shelist
29 E. Madison St, Suite 1000
Chicago, IL 60602
Telephone (312) 644-3900
File#17184 Misc